Darren P.B. Rumack (DR-2642)
THE KLEIN LAW GROUP
11 Broadway Suite 960
New York, NY 10004
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff and proposed FLSA collective plaintiffs.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

AVELINO TENEZACA ALLAICO, *Individually and
on behalf of others similarly situated,*

                                 **Plaintiff**

v.

**COMPLAINT**
Index No.

**COLLECTIVE ACTION
UNDER 29 USC § 216(b)**

**JURY TRIAL
DEMANDED**

**KYUNG WONG MIN Individually
and 45 QUEENS ELECTRIC SUPPLY CO. INC.**

                                   **Defendants.**

------------------------------------------------------------------------x

1. Plaintiff, Avelino Tenezaca Allaico ("Allaico" or "Plaintiff"), individually and on behalf of others similarly situated, alleges as follows:

## NATURE OF THE ACTION

2. This Action on behalf of Plaintiff, individually and on behalf of others similarly situated, seeks the recovery of unpaid wages and related damages for unpaid overtime hours worked, while employed by 45 Queens Electric Supply Co. Inc. ("45 Queens") and Kyung Wong Min ("Min"). Plaintiff seeks these

damages under the applicable provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

## PARTIES

3. Plaintiff Segundo Allaico, a resident of New York State, was employed as a salesman/warehouse worker for Defendant 45 Queens from on or about fall 2014, until August 10, 2016. Plaintiff was employed by Defendants 45 Queens and Min during the relevant limitations periods.

4. Plaintiff's consent to sue form is attached as Exhibit "A."

5. Defendant 45 Queens is a New York Corporation. Defendant 45 Queens is an electric supply company with its principal office at 45-36 3rd Street, Long Island City, NY 11101.

6. Upon information and belief, 45 Queens has an annual gross volume of sales in excess of $500,000.00.

7. At all relevant times, 45 Queens has been and continues to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

8. Upon information and belief, Defendant Min is an owner and operator of 45 Queens.

9. Upon information and belief, Defendant Min exercises control over 45 Queens' day to day operations, including the ability to hire and fire employees, set employee pay rates, set employee job assignments and set employee schedules.

10. Defendant Min was an employer of Plaintiff during the relevant time period.

11. All Defendants are hereinafter collectively referred to as "Defendants."

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings the First and Third Claims for Relief as a collective action pursuant to FLSA Section 16 (b), 29 USC § 216(b), on behalf of all similarly situated workers employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required minimum wage and one half and one half times the employees' regular rate of pay for work in excess of (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14. The First and Third Claims for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 USC § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## JURISDICTION AND VENUE

15. This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

16. Venue is proper in this District, because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

## FACTUAL ALLEGATIONS

17. Defendants committed the following alleged acts knowingly, willfully and intentionally.

18. Defendants knew that the nonpayment of overtime pay to Plaintiff and the FLSA Collective Plaintiffs would economically injure Plaintiff and the FLSA Collective Plaintiffs and violated state and federal laws.

19. Plaintiff was employed as a salesman/warehouse worker for Defendants.

20. Plaintiff's job duties included, but were not limited to general laborer work, including cutting cables, carrying materials and supplies through the warehouse, and assisting customers with orders.

21. Throughout the course of his employment, Plaintiff generally worked six (6) days per week for Defendants.

22. Throughout the course of his employment, Plaintiff regularly worked ten (10) hours per day, five (5) days per week for Defendants, from 6:30 am through 5:00 pm; and worked five (5) hours per day, one (1) day per week from 7:00 am through 12:00 pm.

23. Therefore, Plaintiff regularly worked fifty-five (55) hours per week for Defendants.

24. Plaintiff and the FLSA Collective Plaintiffs often worked in excess of forty (40) hours per workweek.

25. When working six (6) days per week, Plaintiff was paid a base salary of $420.00 per week in 2014 and 2015, and $500.00 per week in 2016, regardless of hours worked per week.

26. Plaintiff was paid entirely in cash.

27. Defendants unlawfully failed to pay the Plaintiff and the FLSA Collective Plaintiffs one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek.

28. Plaintiff's workdays often lasted ten (10) hours or longer.

29. Defendants did not pay Plaintiff a spread of hours premium pursuant to New York state law when his workdays lasted ten (10) or more hours.

30. Defendants did not provide Plaintiff and the FLSA Collective Plaintiffs with any written or oral information regarding the New York state or federal minimum wage.

31. Defendants failed to provide Plaintiff with a written notice of his rate of pay and failed to keep proper payroll records as required under New York law.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act-Minimum Wage Violations Brought By Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs

32. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

33. The minimum wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.*, and the supporting federal regulations apply to Defendants and protects Plaintiff and the FLSA Collective Plaintiffs.

34. Defendants have willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

35. As a result of Defendants' unlawful acts, Plaintiff and the FLSA Collective Plaintiffs have been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

## SECOND CAUSE OF ACTION
### New York Labor Law-Minimum Wage Violations Against All Defendants

36. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

37. The minimum wage provisions of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiff.

38. Defendants have willfully failed to pay Plaintiff the New York State minimum wage for all hours worked.

39. Defendants' knowing or intentional failure to pay Plaintiff minimum wage for all hours worked is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

40. As a result of Defendants' unlawful acts, Plaintiff has been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre-judgment and post-judgment interest, costs and other compensation pursuant to the New York Labor Laws.

### THIRD CAUSE OF ACTION
**Fair Labor Standards Act-Overtime Wages Brought By Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs**

41. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

42. The overtime wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.*, and the supporting federal regulations apply to Defendants and protects Plaintiff, and the FLSA Collective Plaintiffs.

43. Defendants have willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the overtime wages for hours worked in excess of forty (40) hours in a workweek.

44. As a result of Defendants' unlawful acts, Plaintiff and the FLSA Collective Plaintiffs have been deprived of overtime compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such

amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

### FOURTH CAUSE OF ACTION
### New York Labor Law-Unpaid Overtime

45. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

46. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiff.

47. Defendants have willfully failed to pay Plaintiff the overtime wages for hours he worked in excess of forty (40) hours in a workweek.

48. Defendants' knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

49. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre and post judgment interest, costs and other compensation pursuant to the New York Labor Laws.

### FIFTH CAUSE OF ACTION
### NYS Spread of Hours Provisions-NY Comp. Code R & Regs. Tit. 12 § 142-2.4

50. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

51. Plaintiff regularly had workdays that lasted ten (10) hours or more.

52. Defendants willfully and intentionally failed to compensate Plaintiff one hour's pay at the basic New York State minimum hourly wage rate when his workdays reached or exceeded ten (10) hours, as required by New York law.

53. As a result of Defendants' willful and unlawful acts, Plaintiff is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre and post judgment interest, costs and attorneys' fees, as provided by New York Labor Laws Article 19 § 663.

## SIXTH CAUSE OF ACTION
### New York Labor Law-Record Keeping Violations

54. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

55. Defendants failed to make, keep and preserve accurate records with respect to Plaintiff, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

56. Defendants failed to provide Plaintiff with a written notice of rate of pay as required by NYLL § 195.

57. Defendants' failure to make, keep and preserve accurate records was willful.

58. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, in an amount to be determined at trial, costs and attorneys' fees, as provided by NYLL § 198.

## PRAYER FOR RELIEF

59. WHEREFORE, Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs prays for relief as follows:

a. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York law;

c. Designation of this action as a collective action pursuant to the FLSA on behalf of the FLSA Collective Plaintiffs and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated member of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

d. Designation of Plaintiff as a representative plaintiff of the FLSA Collective Plaintiffs;

e. Penalties available under applicable laws;

f. Costs of the action incurred herein, including expert fees;

g. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

h. Pre-judgment and post-judgment interest, as provided by law; and

i. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff on behalf of himself and the FLSA Collective Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right.

Dated: New York, New York  
        September 22, 2016

Respectfully submitted,

The Klein Law Group P.C.

By: _____  
Darren P.B. Rumack (DR-2642)  
11 Broadway, Suite 960  
New York, NY 10004  
Phone: 212-344-9022  
Fax: 212-344-0301  
*Attorneys for Plaintiff and proposed FLSA collective plaintiffs.*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of 45 Queens Electric Supply Co. Inc. and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

| *Avelino T* | 9-22-16 | *Avelino Tenezaca* |
| --- | --- | --- |
| Signature | Date | Printed Name |